IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JOYCE HENRY,**

        **Plaintiff,**

v.                                    Case 2:19-cv-02681-TLP-cgc

**VON DREHLE CORPORATION,**

        **Defendant.**

---

### REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915

---

On October 7, 2019, Plaintiff Joyce Henry filed a *pro se* Complaint for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII) and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 & 2.) The motion to proceed *in forma pauperis* was granted on December 11, 2019. (D.E. # 8.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I. Introduction

Plaintiff brings a claim for sex discrimination in violation of Title VII against the Defendant, Von Drehle Corporation, for wrongfully terminating her on October 3, 2018. Plaintiff provides absolutely no factual allegations and makes no demand for relief. Plaintiff does, however, attach several documents to her Complaint. For example, Plaintiff attached her Notice of Right to Sue letter, dated July 17, 2019 from the Equal Employment Opportunity Commission. Additionally, Plaintiff included her signed acknowledgment of Defendant's Manufacturing Staff Employee Handbook; Defendant's Sexual Harassment Policy; Plaintiff's employee review; Plaintiff's separation notice dated October 3, 2018; Defendant's EEOC Position Statement, and emails between Plaintiff and Scott Opelt, who is the Human Resources Manager for Defendant. In those emails, Plaintiff appears to suggest that she is being discriminated against on the basis of her sex because she was not allowed to "make decisions" for her team, stating "Why can't I make decisions regarding my team? Is it because I'm a woman?"

## II. Analysis

Plaintiff's Complaint alleges violations of Title VII. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). Although a plaintiff alleging employment discrimination is not required to plead a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must still set forth a short and plain statement that he or she is entitled to relief pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

As to any claim of sex discrimination, the essential elements of Plaintiff's Title VII claim are that Plaintiff: (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was qualified, and (4) was treated differently than similarly situated male employees. *McClain v. Northwest Cmty. Corr. Ctr. Juicial Corr. Bd.*, 440 F.3d 320, 332 (6th Cir. 2006). As mentioned previously, Plaintiff's Complaint contains no statement of facts, nor any claim for relief. Nor do the attachments provide enough facts for this Court to infer the essential elements of Plaintiff's claim. While *pro se* complaints are generally provided lenient treatment, this Court is not obligated to search through Plaintiff's Complaint and attachments and attempt to create Plaintiff's claim for

3

her. Accordingly, it is RECOMMENDED that Plaintiff's claim of sex discrimination pursuant to Title VII be dismissed.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellant review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 19th day of June 2020.

                                         s/ Charmiane G. Claxton
                                         CHARMIANE G. CLAXTON
                                         UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**