IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOYCE HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02681-TLP-cgc |
| v. ) | |
| ) | |
| VON DREHLE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff sued pro se alleging that Defendant violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). (ECF No. 1.)

The Magistrate Judge entered a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. (*See* ECF No. 9.) The Magistrate Judge also recommended that the Court certify "that any appeal in this matter by Plaintiff would not be taken in good faith," and that "Plaintiff may not proceed on appeal in forma pauperis." (*Id.* at PageID 43.)

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. The Court also **CERTIFIES** that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed in forma pauperis.

## **THE R&R**

### I.  **Plaintiff Fails to State a Claim**

The Magistrate Judge explained that, although Plaintiff alleges violations of Title VII, the Court has to dismiss complaints that "fail[] to state a claim upon which relief may be granted[.]" (ECF No. 9 PageID 41) (citing 28 U.S.C. § 1915(e)(2)).

The essential elements of Plaintiff's Title VII claim are that Plaintiff (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was qualified; and (4) was treated differently than similarly situated male employees.  (*Id.* at PageID 42) (citing *McClain v. Northwest Cmty. Corr. Ctr. Judicial Corr. Bd.*, 440 F.3d 320, 332 (6th Cir. 2006)).

The Magistrate Judge found that "Plaintiff's complaint contains no statement of facts, nor any claim for relief."  (*Id.* at PageID 42.)  The Magistrate Judge also found that, "[w]hile pro se complaints are generally provided lenient treatment, this Court is not obligated to search through Plaintiff's Complaint and attachments and attempt to create Plaintiff's claim for her." (*Id.* at PageID 42–43.)  (*Id.*)  The Magistrate Judge thus properly recommended that the Court dismiss Plaintiff's complaint for failure to state a claim under 28 U.S.C. § 1915.  (*Id.* at PageID 43.)

### II.  **Any Appeal Would Not Be Taken in Good Faith**

The Magistrate Court also found that an appeal by Plaintiff would not be taken in good faith.  (*Id.* at PageID 43) (citing 28 U.S.C. § 1915(a)(3)).  The Magistrate Court noted that "[i]t would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis."  (*Id.* at PageID 43) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).

Thus, for the same reasons that led the Magistrate Court "to recommend dismissal of this case for failure to state a claim," the Magistrate Court recommended that the Court certify under 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff would not be taken in good faith, and that Plaintiff should not proceed on appeal in forma pauperis. (*Id.* at PageID 43.)

## DISPOSITION

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

Neither party objected to the R&R here, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety. Thus, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 20th day of July, 2020.

       s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE